## MACON, DUBLIN AND SAVANNAH RAILROAD COMPANY *v.* COCHRAN.

The uncontradicted evidence showing that the servants and agents of the defendant exercised all the care and diligence that the law required of them, a verdict in favor of the plaintiff was contrary to law.

Argued May 9, —Decided May 31, 1899.

Certiorari.    Before Judge Candler.    Laurens superior court. November 15, 1898.

*John M. Stubbs, Ira S. Chappell* and *Alex. Akerman,* for plaintiff in error.    *T. L. Griner* and *James K. Hines,* contra.

Cobb, J.    Cochran sued the Macon, Dublin & ·Savannah Railroad Company, in a justice's court, for damages alleged to have been sustained on account of injuries to a cow of the plaintiff by the negligent operation of one of the trains of the company.    Upon the trial in the justice's court the jury returned a verdict in favor of the plaintiff.    The defendant carried the case to the superior court by certiorari.    At the hearing the judge overruled the certiorari, and the defendant excepted.    The evidence for the plaintiff tended to show that the cow was severely injured by one of the trains of the defendant company, so much so in fact as to render her absolutely worthless.    None of the witnesses for the plaintiff saw the occurrence.    The plaintiff testified, that he was in hearing distance of the train when the cow was run over, and that the engineer did not sound the whistle.    The engineer testified,

that he was at the place on his engine where his duties required him to be; that his engine was in proper condition; that he was on the lookout and was watching a cow on the right-hand side of the track; that the train was going around a small left-hand curve and he could not see as far on the left-hand side of the track as he could on the right, because the engine hid the left-hand side from view for about twenty yards, but up to that point he could see; that the cow came up suddenly on the left-hand side of the engine and attempted to cross the track just ahead of the engine, when she was struck by the pilot and knocked off; that he did not see her until she was struck, and could not see her; that he did not stop or blow the whistle, because there was no necessity of doing so after the cow was struck; that the fireman was on the side of the engine opposite to the engineer, and was raking fire, and that he was in the place where his duties required him to be; that the train was going up grade at the rate of eight or ten miles an hour, and could not have been stopped short of thirty or forty yards; that the injuries to the cow could not have been prevented, because she came suddenly upon the track and attempted to cross directly in front of the engine; that he could not have seen the cow from his side of the engine, but that a person sitting on the left-hand side had full view of the track; that the fireman was on that side. The fireman testified, that he was on the left-hand side of the engine, which was the usual and proper place for him to be; that he was raking fire at the time the cow was struck; that he had been ringing the bell, but had stopped; that he saw the cow a short time before the train struck her, but did not see her at the time of the accident; that when he saw her she was about fifty yards from the engine and about twenty-five yards from the track; that she had crossed over the Oconee & Western Railroad track, and was going off in a direction opposite to the train; that he watched the cow until he was satisfied she was out of danger, and then commenced raking fire; and that if he had seen the cow when she started back toward the track, the train could have been stopped in time to have prevented the injuries to her.

The evidence for the plaintiff showing that his cow was in-

jured by the train of the defendant, the presumption arose that the injury was the result of negligence on the part of the servants of the company. This presumption was fully overcome by the testimony of the engineer and fireman. Such being the case, the verdict in favor of the plaintiff was contrary to law, and should have been set aside.

*Judgment reversed. All the Justices concurring.*